UNITED STATES of America,
Plaintiff–Appellee,

v.

Kenneth LEWIS, Defendant–Appellant.

No. 02–4098.

United States Court of Appeals,
Sixth Circuit.

Sept. 11, 2003.

Terry Lehmann, Asst. U.S. Attorney, W. Gary Clayton, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

C. Ransom Hudson, Asst. F.P. Defender, Office of the Federal Public Defender, Cincinnati, OH, for Defendant–Appellant.

Before SUHRHEINRICH, COLE, and ROGERS, Circuit Judges.

## ORDER

Kenneth Lewis, represented by counsel, appeals from his judgment of conviction and sentence. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In June 2002, Lewis pleaded guilty to interstate transportation of property obtained by fraud in violation of 18 U.S.C. § 2314. He was sentenced to 57 months of imprisonment and three years of super-

vised release, and the court ordered Lewis to pay $463,472.18 in restitution and $100 in special assessments.

Lewis has filed a timely appeal, arguing that: 1) the district court erred when it enhanced his offense level for use of a sophisticated means to carry out a crime; and 2) the district erred when it enhanced his offense level for being a leader/organizer of the offense.

■ Upon review, we conclude that the district court properly enhanced Lewis's offense level for use of a sophisticated means to carry out a crime. This court reviews de novo the district court's interpretation of the Sentencing Guidelines, and it reviews the district court's findings of fact at sentencing for clear error. *United States v. Canestraro,* 282 F.3d 427, 431 (6th Cir.2002). In addition, the court reviews de novo the district court's application of the facts to the Sentencing Guidelines, because such application involves a mixed question of law and fact. *United States v. Middleton,* 246 F.3d 825, 844 (6th Cir.2001). Section 2B1.1(b)(8)(C) of the Guidelines permits a two-level sentence enhancement for use of sophisticated means in carrying out or concealing an offense.

A review of the record reflects that Lewis's scheme involved an intricate plan to defraud various companies by ordering large numbers of computers, without intending to pay for them, and then reselling them for a fraction of the cost. Lewis would place a facsimile order for computers from companies throughout the United States, stating that he was establishing a local branch of his fictitious company, Unique Marketing Concepts (UMC). The facsimile contained the name of Lewis's alias (Raul Vasquez) and the names of three fictitious companies that he listed as business references. The order also contained a false bank reference. If one of the companies from which Lewis had placed an order called any of these references, they were led to believe that they were being connected to a local employee of one of the references. In reality, the phone call was forwarded to Lewis's base of operations in Atlanta, Georgia. Either Lewis, or a person trained by him, would relate false affirmations of good credit to the potential computer supplier. Lewis would provide his "trainees" with scripts as to how to handle such phone calls, how to use computer keyboards so as to appear to sound like they were looking up account information, and how to provide positive information regarding UMC's credit. In order to further this scheme, Lewis obtained numerous local telephone lines, ostensibly the telephone numbers for his fictitious business and bank references.

■ We also conclude that the district court properly enhanced Lewis's offense level for being a leader/organizer of the offense. Section 3B1.1(c) provides that the base offense level shall be increased by two levels if the defendant was an organizer, leader, manager, or supervisor in any criminal activity. Application Note 2 of the Commentary to § 3B1.1 provides that the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. USSG § 3B1.1, comment., n. 2; *United States v. Gort–DiDonato,* 109 F.3d 318, 321 (6th Cir.1997).

The district court properly concluded that Lewis was a leader/organizer of this offense. The record clearly reflects that Lewis recruited several individuals to "act" as UMC customer service representatives, and that he provided them with "scripts" instructing them how to provide false references and credit information to potential computer suppliers. The record also clearly reflects that the trainees knowingly made false representations as to their

identity and to what business entity they represented. They knew that Lewis and his Company (UMC) were involved in some sort of fraudulent activity. Lewis was an leader/organizer of this offense because he supervised at least one person in a conspiracy to defraud various computer suppliers.

Accordingly, we affirm the judgment of conviction and sentence.